■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS ALMONTE, Appellant. [901 NYS2d 40]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 9, 2007, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 17½ years to life, unanimously affirmed.

The admission of 9 millimeter ammunition recovered from a room used by defendant immediately after the shooting does not warrant reversal. A .380 caliber casing was recovered from the crime scene, and an accomplice witness testified that defendant used a .380 caliber pistol. However, the People offered the 9 millimeter cartridges under an alternative theory that the weapon might actually have been a 9 millimeter, loaded with .380 caliber ammunition, so that the cartridges recovered tended to establish that defendant had access to a pistol capable of firing the fatal shot (*see People v Del Vermo*, 192 NY 470, 478-482 [1908]). We conclude that any error by the People in failing to lay a foundation by calling a ballistics expert to explain the relationship between .380 caliber and 9 millimeter ammunition was harmless, because the admission of the cartridges could not have affected the verdict (*see People v Crimmins*, 36 NY2d 230 [1975]). We have considered and rejected defendant's remaining arguments concerning this evidence.

The court properly declined to charge justification since there was no reasonable view of the evidence, when viewed most fa-

vorably to defendant, to support that defense. Defendant testified that at the time the pistol discharged, he had already acquired it from the deceased, leaving the deceased unarmed. Accordingly, any use of force at that time was clearly unjustifiable (*see People v Rodriguez*, 262 AD2d 140 [1999], *lv denied* 93 NY2d 1026 [1999]). In any event, the absence of a justification charge was harmless. Defendant was acquitted of intentional murder, but convicted of felony murder. Regardless of whether, in the abstract, the justification defense could ever apply to felony murder, it is clear, under the present facts, that the jury could not have reasonably found that defendant killed the deceased in the course of a robbery, but was nevertheless somehow justified within the meaning of Penal Law § 35.15.

The court properly denied defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of alleged juror misconduct. There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), or its conclusion that there was no basis to set aside the verdict (*see People v Rodriguez*, 100 NY2d 30, 34-36 [2003]). We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.