■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ, Appellant. [922 NYS2d 384]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; William A. Wetzel, J., at jury trial and sentencing), rendered October 9, 2007, convicting defendant of murder in the second degree, robbery in the first and second degrees and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed. Judgment, same court (William A. Wetzel, J.), rendered October 9, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a concurrent term of three years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the prison term to one year, and otherwise affirmed.

The court properly denied defendant's suppression motion.

The record supports each of the theories on which the court denied suppression.

A detective investigating a murder came upon defendant, who was visibly committing the violation of unlawful possession of marijuana (Penal Law § 221.05). Accordingly, the detective had probable cause to believe that defendant committed a violation in his presence (*see* CPL 140.10 [1] [a]). The arrest was lawful, since a police officer's authority to effect a custodial arrest for a violation, other than a minor vehicular offense (*see People v Marsh*, 20 NY2d 98 [1967]), remains valid even where the officer has the option of issuing a summons instead (*People v Lewis*, 50 AD3d 595 [2008], *lv denied* 11 NY3d 790 [2008]).

It is irrelevant whether the detective's primary motivation for making an arrest, instead of issuing a summons, may have been a desire to obtain evidence relating to the homicide. The officer's subjective state of mind would not invalidate the arrest because it was justified by the circumstances, viewed objectively (*see Whren v United States*, 517 US 806, 812-813 [1996]). An "arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause," and "his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause" (*Devenpeck v Alford*, 543 US 146, 153 [2004]; *see also People v Robinson*, 97 NY2d 341, 349 [2001]). Since there was a valid custodial arrest, the officer properly searched defendant incident to that arrest, and all subsequent fruits of the arrest were lawfully obtained.

In any event, the evidence also supports the hearing court's finding that there was probable cause to arrest defendant for the homicide. Defendant matched the description of one of the three suspects. The description, standing alone, would have fit too many people to justify an arrest. However, when taken together with strong circumstantial evidence linking defendant to one of the other suspects, it established probable cause, which does not require proof beyond a reasonable doubt (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]).

The record does not support defendant's speculative assertion that he was subjected to a strip search. We have considered and rejected defendant's remaining suppression arguments.

Defendant's juror misconduct argument is similar to an argument we rejected on a codefendant's appeal (*People v Almonte*, 73 AD3d 531 [2010], *lv denied* 15 NY3d 771 [2010]), and we find no reason to reach a different result. Defendant did not preserve his claim that the court should have charged justifica-

tion, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits for the reasons we stated in rejecting a similar argument made by the codefendant (*id.*).

To the extent the existing record permits review, we find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, the sentence on the controlled substance conviction should be modified, as indicated, to conform to the plea agreement.

Defendant's pro se contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.