Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered September 24, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of six months, with 4V2 years probation, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).
The court providently exercised its discretion in reopening the suppression hearing, after both sides had rested and submitted legal arguments but before any decision on the merits had been made, to allow the People’s witness to provide additional testimony establishing the legality of the police conduct (see People v Brujan, 104 AD3d 481 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). “A request to present additional evidence in this type of situation should be addressed to the court’s discretionary power to alter the order of proof within a proceeding (see People v Whipple, 97 NY2d 1, 6 [2001]), rather than being governed by the restrictions on rehearings set forth in People v Havelka (45 NY2d 636 [1978])” (id. at 481).
Defendant argues that since the reopening came after defense counsel had pointed out a deficiency in the People’s case, there was a heightened risk of tailored testimony. However, “one of the purposes of requiring timely and specific motions and objections, a requirement applicable to suppression hearings, is to provide the opportunity for cure” (People v Cestalano, 40 AD3d 238, 239 [1st Dept 2007], lv denied 9 NY3d 921 [2007] [citations and internal quotation marks omitted]). It would be illogical to require a defendant, for preservation purposes, to point out a *558 deficiency at a time when it can be corrected, but then preclude the People from correcting the deficiency. In Whipple, the Court of Appeals disapproved of such a notion, which it described as “a sort of ‘gotcha’ principle of law” (97 NY2d at 7).
Under the circumstances here, we do not find that there was a significant risk of tailoring, particularly since the officer was subject to cross-examination regarding whether he had discussed his testimony with the prosecutor. In any event, “we believe that the hearing court was more than up to the task of evaluating the risk of manufactured testimony” (People v Alvarez, 51 AD3d 167, 179 [2008], lv denied 11 NY3d 785 [2008]).
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations. When an officer saw defendant with an open beer bottle in a public place, in violation of the Open Container Law (Administrative Code of City of NY § 10-125 [b]), the officer had authority to arrest defendant (see People v Lewis, 50 AD3d 595 [1st Dept 2008], lv denied 11 NY3d 790 [2008]). The officer did not recover the contraband that is at issue on appeal until after defendant was under arrest. It is irrelevant whether the officer subjectively decided to arrest defendant after discovering other contraband, not at issue on appeal, as the result of a frisk that defendant challenges as unlawful. An “arresting officer’s state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause” and “his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause” (Devenpeck v Alford, 543 US 146, 153 [2004]; see also People v Robinson, 97 NY2d 341, 349 [2001]). Since there was a valid custodial arrest for the open container violation, the officer’s search of defendant incident to that arrest was proper, and the subsequent fruits were lawfully obtained (see People v Rodriguez, 84 AD3d 500, 501 [1st Dept 2011], lv denied 17 NY3d 861 [2011]). Concur— Mazzarelli, J.E, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.