# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1399**
**KA 11-00448**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JANELLE Y. HOGUE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 14, 2011. The judgment convicted defendant, upon a jury verdict, of vehicular assault in the second degree, driving while ability impaired by drugs (two counts) and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of vehicular assault in the second degree (Penal Law § 120.03 [1]), two counts of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (§ 1192 [4-a]). The charges arose from a single-vehicle accident that occurred when a vehicle operated by defendant and carrying two passengers left the roadway and rolled over multiple times, coming to rest in a nearby field. By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review her contention that the conviction is not supported by legally sufficient evidence (see *People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit and, contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see *People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (see generally *People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that the warrant application for a court-ordered blood test was insufficient because it failed to identify the source of its information. We reject that contention. "[A]n application for a court-ordered blood test may contain hearsay and

double hearsay" as long as the application "disclose[s] that it is supported by hearsay and identif[ies] the source or sources of the hearsay" (*People v Freeman*, 46 AD3d 1375, 1377, *lv denied* 10 NY3d 840). Here, the warrant application and supporting affidavit both stated that they were based on the observations of the police officer who responded to the scene of the accident. We reject defendant's further contention that the warrant application was insufficient because it failed to provide sufficient facts to support the conclusion that a passenger in defendant's vehicle "suffered serious physical injury" as required by Vehicle and Traffic Law § 1194 (3) (b) (1). The warrant application stated that a passenger in the vehicle had been "seriously injured" inasmuch as he had sustained lacerations to the head, was trapped inside the vehicle, and needed to be "[m]ercy [f]lighted" to a hospital. We conclude that those statements are sufficient to meet the requirements of section 1194 (3) (b) (1).

Defendant contends that the court erred in admitting testimony that she refused to submit to a chemical test and in instructing the jury regarding that refusal. Those contentions are not preserved for our review (*see* CPL 470.05 [2]). In any event, those contentions lack merit. Defendant's refusal to take the test was admissible to show her consciousness of guilt (*see People v Demetsenare*, 243 AD2d 777, 780, *lv denied* 91 NY2d 833).

We reject defendant's further contention that the police lacked probable cause to arrest her. To arrest defendant under Vehicle and Traffic Law § 1192, it was necessary for the arresting officer to have evidence that it was "more probable than not that defendant [was] actually impaired" (*People v Vandover*, 20 NY3d 235, 239). Here, the arresting officer had such evidence. He was informed by witnesses that defendant's vehicle was traveling at a high rate of speed before leaving the roadway and rolling over multiple times. In addition, defendant provided the officer with inconsistent explanations regarding how the accident occurred, and the officer observed that defendant was unsteady on her feet. Finally, defendant admitted to the officer that she had consumed alcohol approximately three hours prior to the accident, and an Alco-Sensor test at the scene returned a positive result (*see People v Kulk*, 103 AD3d 1038, 1040, *lv denied* 22 NY3d 956).

Entered: February 5, 2016                              Frances E. Cafarell
                                                       Clerk of the Court