People v Fleck (2018 NY Slip Op 08498)





People v Fleck


2018 NY Slip Op 08498


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2018-02091
2018-04360
 (Ind. No. 626/17)

[*1]The People of the State of New York, appellant,
v
Daniel Fleck, respondent.


Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Kevin C. King of counsel), for appellant.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Kenneth L. Gartner of counsel), for respondent.



DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Nassau County (William J. O'Brien, J.), dated January 2, 2018, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress certain physical evidence, the results of a breathalyzer test, the defendant's statements to law enforcement officials, and evidence of a law enforcement official's observations of the defendant, and (2) so much of an order of the same court dated March 15, 2018, as, upon reargument, adhered to the determination in the order dated January 2, 2018.
ORDERED that the appeal from the order dated January 2, 2018, is dismissed, as that order was superseded by the order dated March 15, 2018, made upon reargument; and it is further,
ORDERED that the order dated March 15, 2018, is reversed insofar as appealed from, on the law, upon reargument, the order dated January 2, 2018, is vacated, that branch of the defendant's omnibus motion which was to suppress certain physical evidence, the results of a breathalyzer test, the defendant's statements to law enforcement officials, and evidence of a law enforcement official's observations of the defendant is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
In 2017, the defendant was charged with, inter alia, operating a motor vehicle while under the influence of drugs and aggravated unlicensed operation of a motor vehicle in the third degree. After a suppression hearing, the Supreme Court, by order dated January 2, 2018, determined that the defendant was arrested without probable cause, and thereupon suppressed certain physical evidence, the results of a breathalyzer test, the defendant's statements to law enforcement officials, and evidence of a law enforcement official's observations of the defendant. The People subsequently moved for leave to reargue. By order dated March 15, 2018, the court granted reargument, and upon reargument, adhered to its original determination. The People appeal.
"[A] police officer may arrest and take into custody a person when [the officer] has probable cause to believe that person has committed a crime, or offense in [the officer's] presence" (People v Parker, 32 NY3d 49, 56 [internal quotation marks omitted]; see People v De Bour, 40 [*2]NY2d 210, 223). "Probable cause to arrest requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the person to be arrested is the perpetrator" (People v Wright, 238 AD2d 364; see People v Bittner, 97 AD2d 33, 36). "[I]n determining whether a police officer has probable cause for an arrest, the emphasis should not be narrowly focused on . . . any . . . single factor, but on an evaluation of the totality of the circumstances, which takes into account the realities of everyday life unfolding before a trained officer who has to confront, on a daily basis, similar incidents" (People v Wright, 8 AD3d 304, 307 [internal quotation marks omitted]).
In this case, we conclude that, contrary to the Supreme Court's determination, the arresting officer had probable cause to arrest the defendant for operating a motor vehicle while under the influence of drugs (see Vehicle and Traffic Law § 1192[4]; People v Hogue, 136 AD3d 1351, 1353; People v McCorkle, 111 AD3d 557, 558; People v Rodriguez, 84 AD3d 500, 501) based upon his observations of the defendant as well as his training and experience. Accordingly, the court should have denied that branch of the defendant's omnibus motion which was to suppress certain physical evidence, the results of a breathalyzer test, his statements to law enforcement officials, and evidence of a law enforcement official's observations of him. Although the defendant has raised alternative grounds for affirming the order appealed from, this Court is jurisdictionally barred from considering them on the People's appeal (see CPL 470.15[1]; People v LaFontaine, 92 NY2d 470, 474). As such, we remit the matter to the Supreme Court, Nassau County, for further proceedings to consider the other issues the defendant raised for suppression of evidence.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court