People v Capitano (2022 NY Slip Op 02921)

People v Capitano

2022 NY Slip Op 02921

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

387 KA 19-00886

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS CAPITANO, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 20, 2019. The appeal was held by this Court by order entered October 1, 2021, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (198 AD3d 1324 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the term of probation, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs as a class D felony (Vehicle and Traffic Law §§ 1192 [4-a]; 1193 [1] [c] [ii-a]). We previously held this case, reserved decision, and remitted the matter to Supreme Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had reserved decision but failed to rule (People v Capitano, 198 AD3d 1324 [4th Dept 2021]). Upon remittal, the court denied the motion.
We reject defendant's contention that the evidence is legally insufficient to support the conviction. "Legal sufficiency review requires that we view the evidence in the light most favorable to the prosecution, and, when deciding whether a jury could logically conclude that the prosecution sustained its burden of proof, [w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Allen, 36 NY3d 1033, 1034 [2021] [internal quotation marks omitted]; see People v Hampton, 21 NY3d 277, 287-288 [2013]; People v Delamota, 18 NY3d 107, 113 [2011]). Viewed in that light, we conclude that the evidence is legally sufficient to establish that defendant "operate[d] a motor vehicle while [his] ability to operate such motor vehicle [was] impaired by the combined influence of drugs" (Vehicle and Traffic Law § 1192 [4-a]; see People v Hogue, 136 AD3d 1351, 1352 [4th Dept 2016], lv denied 27 NY3d 1133 [2016]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury case (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Hogue, 136 AD3d at 1352; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, as defendant contends and as the People correctly concede, the sentence is illegal insofar as the court directed that defendant serve a term of five years of probation, with an ignition interlock device for a period thereof, consecutive to the indeterminate term of imprisonment of 1 to 3 years on his conviction for violating Vehicle and Traffic Law § 1192 (4-a) (see Penal Law
§§ 60.01 [2] [d]; 60.21; People v Giacona, 130 AD3d 1565, 1566 [4th Dept 2015]; People v Flagg, 107 AD3d 1613, 1614 [4th Dept 2013], lv denied 22 NY3d 1138 [2014]). We therefore modify the judgment by vacating the term of probation.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court