# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**631**

**KA 11-00486**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENT D. SPRATLEY, DEFENDANT-APPELLANT.

---

CHRISTOPHER JUDE PELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 17, 2010. The judgment convicted defendant, after a nonjury trial, of assault in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Oneida County Court for further proceedings.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the verdict is against the weight of the evidence because any injury to the victim was not caused by a deadly weapon and such injury did not constitute a " '[p]hysical injury' " within the meaning of Penal Law § 10.00 (9). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention (*see generally People v Bleakley*, 69 NY2d 490, 495). We conclude that a finding by County Court that the victim's injury was not caused by a deadly weapon would have been unreasonable (*see generally Danielson*, 9 NY3d at 348; *Bleakley*, 69 NY2d at 495).

With respect to the element of physical injury, we note that " '[p]hysical injury' " is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Substantial pain means "more than slight or trivial pain[, but it] need not . . . be severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447). "A variety of factors are relevant in determining whether physical injury has been established, including 'the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment' " (*People v Dixon*, 62 AD3d 1036, 1039, *lv denied* 12 NY3d 912, 914; *see Chiddick*, 8 NY3d at 447-448).

Here, the victim was injured by a bullet that grazed his face, "an experience that would normally be expected to bring with it more than a little pain" (*Chiddick*, 8 NY3d at 447).  He went to the hospital for treatment of his injury and received several stitches. The victim testified that he was in "excruciating pain" at the hospital and that he still has pain, as well as difficulty eating and talking.  The hospital records admitted in evidence, however, demonstrated that the victim described his pain as "zero" out of 10 and that he was not prescribed any pain medication.  We conclude that, although an acquittal based on the lack of a physical injury would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (*see People v Dove*, 86 AD3d 715, 717, *lv denied* 17 NY3d 903, 18 NY3d 882; *People v Moye*, 81 AD3d 408, 408-409, *lv denied* 16 NY3d 861; *see also People v Slater*, 13 AD3d 732, 734, *lv denied* 4 NY3d 803; *see generally Danielson*, 9 NY3d at 348-349; *Bleakley*, 69 NY2d at 495).

As defendant correctly notes, the court failed to rule on his renewed motion to dismiss the indictment based on allegedly prejudicial conduct during the grand jury proceeding.  Contrary to the People's contention, pursuant to *People v Concepcion* (17 NY3d 192, 197-198) and *People v LaFontaine* (92 NY2d 470, 474, *rearg denied* 93 NY2d 849), we cannot deem the court's failure to rule on the renewed motion as a denial thereof (*see People v Chattley*, 89 AD3d 1557, 1558).  We therefore hold the case, reserve decision and remit the matter to County Court for a ruling on defendant's renewed motion to dismiss the indictment.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court