# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

546
KA 12-00838
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

ERIC J. MOTZER, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered April 5, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, criminal sexual act in the second degree, criminal sale of marihuana in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by directing that the sentences shall run concurrently with respect to each other and by amending the order of protection and as modified the judgment is affirmed and the matter is remitted to Wyoming County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the second degree (Penal Law § 130.30 [1]), criminal sexual act in the second degree (§ 130.45 [1]), criminal sale of marihuana in the second degree (§ 221.50), and endangering the welfare of a child (§ 260.10 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

Defendant's further contention that he was punished for exercising his right to a jury trial is not preserved for our review "inasmuch as defendant failed to raise [it] at sentencing" (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862), and in any event it lacks merit. " '[T]he mere fact that a sentence imposed

after trial is greater than that offered in connection with plea
negotiations is not proof that defendant was punished for asserting
his right to trial . . . , and there is no indication in the record
before us that the sentencing court acted in a vindictive manner based
on defendant's exercise of the right to a trial' " (*id.*).  We agree
with defendant, however, that the sentence is unduly harsh and severe.
We therefore modify the sentence as a matter of discretion in the
interest of justice by directing that all of the sentences shall run
concurrently with respect to each other (*see* CPL 470.15 [6] [b]).  In
view of our modification of the judgment with respect to the sentence,
we further modify the judgment by amending the order of protection,
and we remit the matter to County Court for a recalculation of its
expiration date (*see generally People v Wallace*, 53 AD3d 795, 798, *lv
denied* 11 NY3d 795).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court