# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1330**

**KA 12-01876**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DESTINY BELLAUS, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 9, 2012. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting her upon her plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in failing to adjudicate her a youthful offender. "Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). Here, at the time of sentencing, the court failed to determine whether defendant, an apparently eligible youth, is a youthful offender. "[W]e cannot deem the court's failure to rule on the . . . [issue] as a denial thereof" (*People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *see also People v Koons*, ___ AD3d ___ [Dec. 27, 2013]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*People v Rudolph*, 21 NY3d 497, 503).

Entered: January 3, 2014                         Frances E. Cafarell
                                                 Clerk of the Court