# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**878**

**KA 14-00797**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CURTIS L. GAINEY, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (John L. DeMarco, J.), entered March 14, 2014. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). At the SORA hearing, defendant asserted that County Court (DeMarco, J.) lacked jurisdiction to proceed with the hearing on the ground that the sentencing court (Marks, J.) failed to certify that he was a sex offender, as required by Correction Law § 168-d (1) (a). The court reserved decision on the issue whether it had jurisdiction and proceeded with the hearing, indicating that it would rule on the jurisdiction issue in its decision. The court, however, failed to address that issue in its decision. We cannot deem the court's failure to address the issue as a determination that it rejected defendant's assertion that it lacked jurisdiction (*see People v McDonald*, 125 AD3d 1280, 1280). Thus, even assuming, arguendo, that the court's determination that defendant is a level one risk constitutes an implicit determination that it had jurisdiction to assess a risk level, we cannot affirm the order on that basis because the court did not expressly "decide that issue adversely to defendant" (*People v Stanley*, 128 AD3d 1472, 1474; *see People v Concepcion*, 17 NY3d 192, 197-198; *People v LaFontaine*, 92 NY2d 470, 474, *rearg denied* 93 NY 849). We therefore hold the case, reserve decision and remit the matter to County Court for a determination whether the failure of the sentencing court to certify defendant as a sex offender as required by Correction Law § 168-d (1) (a) deprived the court of

jurisdiction in this matter.

Entered:  July 2, 2015

Frances E. Cafarell
Clerk of the Court