**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**1273**
**KA 14-00297**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ELIZABETH A. WHITE, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered January 27, 2014. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class D felony (two counts), and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Chautauqua County Court for a determination of the motion following further proceedings if necessary.

Memorandum: Defendant appeals from a judgment convicting her, following a nonjury trial, of two counts of driving while intoxicated as class D felonies (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). At the close of the People's case, defense counsel moved for a trial order of dismissal on the ground that the arresting officers, who were employed by the Town of Ellicott (Town), exceeded their jurisdictional authority when they arrested defendant in the City of Jamestown (City). Defendant also requested that County Court take judicial notice of the location of the arrest and the boundaries of the City and Town. The proof had not closed at that point, and the court reserved decision on the motion to allow the parties to make written submissions. The court never ruled on the motion, but issued a written verdict finding defendant guilty of the charges and noting that it had reviewed the parties' submissions.

Defendant contends that the court erred in refusing to take judicial notice of the relevant geographical facts and in denying her motion to dismiss the charges. We do not address that contention because, in accordance with *People v Concepcion* (17 NY3d 192, 197-198)

and *People v LaFontaine* (92 NY2d 470, 474, *rearg denied* 93 NY2d 849), "we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (*People v Spratley*, 96 AD3d 1420, 1421).  We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on the motion following such further proceedings as may be necessary.

Entered:  December 23, 2015                          Frances E. Cafarell
                                                    Clerk of the Court