People v Hymes (2018 NY Slip Op 02942)





People v Hymes


2018 NY Slip Op 02942


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


271 KA 14-00053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANACIN L. HYMES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 9, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts), petit larceny, and resisting arrest. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of petit larceny (Penal Law § 155.25), resisting arrest (§ 205.30), and two counts of burglary in the third degree (§ 140.20). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (§§ 110.00, 140.25 [2]).
Contrary to defendant's contention in appeal No. 1, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to support the conviction with respect to the counts of burglary in the third degree and petit larceny (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect thereto (see Bleakley, 69 NY2d at 495).
Defendant also challenges the sufficiency of the evidence with respect to the conviction of resisting arrest. We note that Supreme Court denied defendant's motion for a trial order of dismissal with respect to the charges of burglary in the third degree and petit larceny but reserved decision with respect to the resisting arrest charge. The matter was submitted to the jury, which returned a verdict convicting defendant of all charges. The court never ruled on the remainder of the motion. Thus, we do not address defendant's contention with respect to the resisting arrest charge because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on [that part of] the . . . motion as a denial thereof' " (People v White, 134 AD3d 1414, 1415 [4th Dept 2015]; see People v Spratley, 96 AD3d 1420, 1421 [4th Dept 2012]). We therefore hold the case in appeal No. 1, reserve decision, and remit the matter to Supreme Court for a ruling on the remainder of the motion.
We reject defendant's further contention in appeal No. 1 that the court erred in imposing consecutive sentences with respect to the burglary in the third degree convictions (see People v Kirkland, 105 AD3d 1337, 1339 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; see also Penal Law § 70.25 [2]). We also reject defendant's contention that the sentence is unduly harsh and severe.
In appeal No. 2, defendant contends that his waiver of the right to appeal is invalid and [*2]does not preclude his challenge to the severity of his sentence. Contrary to defendant's contention, we conclude that the waiver of the right to appeal is valid inasmuch as "the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006]), and that "defendant ha[d] a full appreciation of the consequences' of such waiver" (People v Bradshaw, 18 NY3d 257, 264 [2011]). Additionally, although the oral colloquy did not mention any challenge to the severity of the sentence, defendant executed and acknowledged on the record a written waiver of the right to appeal, which specifically referenced the fact that he was waiving his right to appeal the "sentence." Based upon the combination of the oral colloquy and the written waiver, we thus conclude that the waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see People v Morales, 148 AD3d 1638, 1639 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]).
We reject defendant's further contention in appeal No. 2 that the court erred in denying his request for assignment of new counsel. Defendant failed to make specific factual allegations of "serious complaints about counsel" (People v Medina, 44 NY2d 199, 207 [1978]), and thus failed to trigger the court's obligation to make at least a "minimal inquiry" (People v Sides, 75 NY2d 822, 825 [1990]), and "discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution' " (People v Porto, 16 NY3d 93, 100 [2010]). In light of our determination in appeal No. 1 to affirm the convictions for burglary in the third degree and petit larceny, there is no basis to grant defendant's request to reverse the judgment in appeal No. 2 and vacate his plea of guilty on the ground that his plea was contingent upon the judgment in appeal No. 1 (see generally People v Roosevelt, 125 AD3d 1452, 1455 [4th Dept 2015], lv denied 25 NY3d
1076 [2015]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court