People v Ballowe (2019 NY Slip Op 04566)





People v Ballowe


2019 NY Slip Op 04566


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


524 KA 17-00748

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GABRIELE BALLOWE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 20, 2016. The judgment convicted defendant, upon her plea of guilty, of leaving the scene of an incident resulting in serious injury without reporting. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of leaving the scene of an incident resulting in serious injury without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [i]), defendant contends that Supreme Court (Wolfgang, J.) erred in granting the People leave to re-present the case to a second grand jury. We reject that contention. The relevant accident occurred in December 2013 and, in May 2014, a grand jury returned a "no bill." In May 2016, the People sought to re-present the charges to a new grand jury on the ground that a witness, who had offered false testimony before the first grand jury, had recently agreed to cooperate with the People and testify truthfully. CPL 190.75 (3) provides that where, as here, charges have been dismissed by the grand jury, they "may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the [P]eople to resubmit such charge[s] to the same or another grand jury." "Leave may be granted only once, and the [People are] required to justify resubmission" (People v Montanez, 90 NY2d 690, 693 [1997]; see People v Washington, 125 AD2d 967, 968-969 [4th Dept 1986], lv denied 69 NY2d 887 [1987]). "[T]here should not be a resubmission unless it appears, for example, that new evidence has been discovered since the former submission; that the [g]rand [j]ury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the [g]rand [j]ury otherwise acted in an irregular manner" (People v Dykes, 86 AD2d 191, 195 [2d Dept 1982]; see People v Tomaino, 248 AD2d 944, 945-946 [4th Dept 1998]). Here, the court properly granted the People's application to re-present the charges to a second grand jury based upon "the availability of a witness who would provide new evidence," i.e., truthful testimony (People v Morris, 248 AD2d 169, 170 [1st Dept 1998], affd 93 NY2d 908 [1999]).
We agree with defendant, however, that the court (Burns, J.) failed to rule on that part of her omnibus motion seeking to have the court compare the evidence from the two grand jury proceedings "to determine whether the prosecutor ha[d], in fact, presented the promised new evidence" to the second grand jury (People v Martin, 71 AD2d 928, 929 [2d Dept 1979]; see Dykes, 86 AD2d at 195). Inasmuch as "[w]e have no power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v Coles, 105 AD3d 1360, 1363 [4th Dept 2013] [internal quotation marks omitted]; see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v Rainey, 110 AD3d 1464, 1466 [4th Dept 2013]), "we cannot deem the court's failure to rule on [that part of] the . . . motion as a denial thereof" (People v Hymes, 160 AD3d 1386, 1387 [4th Dept 2018] [internal quotation marks omitted]; see People v White, 134 AD3d 1414, 1415 [4th Dept 2015]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a determination whether the People, in fact, presented [*2]new evidence to the second grand jury and, if not, whether dismissal of the indictment is warranted on that ground (see Martin, 71 AD2d at 929; see also CPL 210.40 [1]; see generally Hymes, 160 AD3d at 1387-1388; People v Moore, 147 AD3d 1548, 1549 [4th Dept 2017]; White, 134 AD3d at 1415).
Additionally, defendant contends that she was denied due process based on preindictment delay. Upon our review of the relevant factors (see People v Taranovich, 37 NY2d 442, 445 [1975]), we reject that contention. "It is well established that a determination made in good faith to defer commencement of the prosecution for further investigation[,] or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense' " (People v Gang, 145 AD3d 1566, 1566 [4th Dept 2016], lv denied 29 NY3d 997 [2017], quoting People v Singer, 44 NY2d 241, 254 [1978]; see People v Wiggins, 31 NY3d 1, 13 [2018]; see also People v Decker, 13 NY3d 12, 14 [2009]). We conclude that the People's decision to re-present the charges to a second grand jury nearly two years after the first grand jury dismissed the charges " was not an abuse of the significant amount of discretion that the People must of necessity have, and there is no indication that the decision was made in anything other than good faith' " (People v Rogers, 103 AD3d 1150, 1151 [4th Dept 2013], lv denied 21 NY3d 946 [2013], quoting Decker, 13 NY3d at 15; see People v Metellus, 157 AD3d 821, 822-823 [2d Dept 2018], lv denied 31 NY3d 1084 [2018]). Finally, contrary to defendant's further contention, there was no need for a Singer hearing inasmuch as the record provided the court with "a sufficient basis to determine whether the delay was justified"
(Rogers, 103 AD3d at 1151).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court