People v Bennett (2020 NY Slip Op 00957)





People v Bennett


2020 NY Slip Op 00957


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1081 KA 16-01581

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE M. BENNETT, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered July 25, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (six counts), criminal possession of a weapon in the third degree (10 counts) and criminal possession of marihuana in the fourth degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of six counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2], [3]), 10 counts of criminal possession of a weapon in the third degree (§ 265.02 [8]), and one count of criminal possession of marihuana in the fourth degree (§ 221.15).
We conclude that Supreme Court properly refused to suppress statements defendant made to the police after his arrest. Contrary to defendant's contention, the court did not err in crediting the suppression hearing testimony of the police officer who issued Miranda warnings to defendant because of the officer's inability to recall certain details about the morning in question, such as what he first said to defendant during the encounter or whether his patrol vehicle's dome light was illuminated at that time. Although the officer's inability to recall certain details about the encounter is a factor to consider in determining his credibility, we conclude that there is "no basis to disturb the court's credibility assessments of the officer[] inasmuch as [n]othing about the officer['s] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self contradictory" (People v Clanton, 151 AD3d 1576, 1577 [4th Dept 2017] [internal quotation marks omitted]; see People v Walker, 128 AD3d 1499, 1500 [4th Dept 2015], lv denied 26 NY3d 936 [2015]).
Defendant further contends that the evidence is legally insufficient to support the conviction with respect to the weapon possession counts and that the court thus erred in denying his motion for a trial order of dismissal. At the close of the People's case, defendant moved for a trial order of dismissal on the ground that the evidence was legally insufficient to establish his possession of certain weapons, and the court reserved decision. Defendant renewed his motion at the conclusion of all the evidence, and the court again reserved decision. There is no indication in the record that the court ruled on defendant's motion. We do not address defendant's contention because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Moore, 147 AD3d 1548, 1548 [4th Dept 2017] [internal quotation marks omitted]; see People v White, 134 AD3d 1414, 1415 [4th Dept 2015]; see generally People v Spratley, 96 AD3d 1420, 1421 [4th Dept 2012]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a ruling on defendant's motion (see Moore, 147 AD3d at 1548; White, 134 AD3d at [*2]1415).
Finally, we note—as the People correctly concede—that the indeterminate term of incarceration imposed on the criminal possession of a weapon in the third degree counts is illegal (see Penal Law §§ 70.02 [1] [c]; 265.02 [8]; People v Goston, 9 AD3d 905, 907 [4th Dept 2004], lv denied 3 NY3d 706 [2004]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court