People v Johnson (2021 NY Slip Op 01675)





People v Johnson


2021 NY Slip Op 01675


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND TROUTMAN, JJ.


1134 KA 19-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA Q. JOHNSON, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered October 18, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree (two counts), assault in the second degree (two counts), burglary in the first degree (four counts) and robbery in the first degree (four counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [4]), two counts of assault in the second degree (§ 120.05 [2], [6]), four counts of burglary in the first degree (§ 140.30 [1], [2], [3], [4]), and four counts of robbery in the first degree (§ 160.15 [1], [2], [3], [4]). The conviction arises from a home invasion robbery by two perpetrators during which one victim was struck in the head with the end of a shotgun and another victim was shot in the abdomen, rendering him paraplegic.
Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress testimony regarding a witness's pretrial identification of the perpetrators on video surveillance footage taken from a nearby building to which the perpetrators had been tracked by a K-9 unit on the night of the events. Initially, we conclude "neither defendant's general objection to undue suggestiveness in that part of his omnibus motion seeking suppression of the identification nor his [unspecified] argument[] to the hearing court were sufficient to preserve for our review his contention that the identification procedure was unduly suggestive" as a result of the timing and setting of the witness's viewing of the video recording on the night of the robbery and shooting (People v Gambale, 150 AD3d 1667, 1667-1668 [4th Dept 2017]). Defendant "failed to raise that specific contention either as part of his omnibus motion . . . or at the Wade hearing" (People v Morman, 145 AD3d 1435, 1436 [4th Dept 2016], lv denied 29 NY3d 999 [2017]). We note, however, that the court made factual findings regarding the timing and setting of the identification procedure, and drew a legal conclusion that, based on the circumstances, the procedure was entirely proper and not unduly suggestive (see Gambale, 150 AD3d at 1668). We therefore agree with defendant that the court "expressly decided the question raised on appeal," thereby preserving his specific contention for our review (CPL 470.05 [2]; see People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]; Gambale, 150 AD3d at 1668).
We nonetheless conclude that defendant's contention lacks merit. To the extent that defendant relies on trial testimony in support of his contention, we note that "our review is limited to the evidence presented at the suppression hearing" (People v Jennings, 295 AD2d 1000, 1000 [4th Dept 2002], lv denied 99 NY2d 536 [2002]). " '[T]here is nothing inherently suggestive' in showing a witness a surveillance video depicting the defendant and other individuals, provided that the 'defendant was not singled-out, portrayed unfavorably, or in any [*2]other manner prejudiced by police conduct or comment or by the setting in which [the defendant] was taped' " (People v Davis, 115 AD3d 1167, 1169 [4th Dept 2014], lv denied 23 NY3d 1019 [2014], quoting People v Edmonson, 75 NY2d 672, 676-677 [1990], rearg denied 76 NY2d 846 [1990], cert denied 498 US 1001 [1990]), and we conclude that the procedure used here did not suffer from those infirmities (see People v Perri, 162 AD3d 1487, 1488 [4th Dept 2018]; see generally People v Gee, 286 AD2d 62, 67-68 [4th Dept 2001], affd 99 NY2d 158 [2002], rearg denied 99 NY2d 652 [2003]). In any event, even assuming, arguendo, that the identification procedure was unduly suggestive, we conclude that any error in receiving the witness's identification testimony that the males on the video recording "[k]inda" "[l]ooked like" and "could've been" the individuals who committed the robbery and shooting was harmless beyond a reasonable doubt (see People v Owens, 74 NY2d 677, 678 [1989]; People v McKee, 174 AD3d 1444, 1445 [4th Dept 2019], lv denied 34 NY3d 982 [2019]; People v Leibert, 71 AD3d 513, 514 [1st Dept 2010], lv denied 15 NY3d 752 [2010]).
Defendant relatedly contends that the court, after sustaining an objection outside the presence of the jury during the trial, erred in failing to instruct the jury to disregard certain testimony of a police detective about the witness's pretrial identification of the perpetrators. Defendant correctly concedes that his contention is not preserved for our review (see CPL 470.05 [2]; People v DeMaio, 185 AD2d 358, 358 [2d Dept 1992], lv denied 80 NY2d 974 [1992]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the court erred in admitting in evidence the video surveillance footage. Contrary to defendant's contention, we conclude that "[t]he video recording was sufficiently authenticated with the testimony of [the building manager] who maintained the building and was familiar with the operation of the building's video recording surveillance system" (People v Costello, 128 AD3d 848, 848 [2d Dept 2015], lv denied 26 NY3d 927 [2015], reconsideration denied 26 NY3d 1007 [2015]), as well as with the testimony of the police detectives who viewed the video recording immediately after the events while investigating the crime and testified that the recording admitted at trial " 'truly and accurately represent[ed] what was before the camera' " (People v Patterson, 93 NY2d 80, 84 [1999]; see People v Flowers, 166 AD3d 1492, 1495 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]). Contrary to defendant's suggestion, "[a]ny gaps in the chain of custody went to the weight of the evidence, not its admissibility" (People v Oquendo, 152 AD3d 1220, 1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]).
Defendant correctly concedes that he failed to preserve for our review his additional contention that the court erred in permitting the testimony of police detectives identifying him in the video surveillance footage (see CPL 470.05 [2]; People v Sampson, 289 AD2d 1022, 1023 [4th Dept 2001], lv denied 97 NY2d 733 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's related contention, he has not established that defense counsel was ineffective for failing to object to that testimony. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]), and that is not the case here (see generally People v Graham, 174 AD3d 1486, 1488-1489 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]).
Defendant further contends that reversal is required because the court committed a mode of proceedings error in handling a jury note. We reject that contention. "Where, as here, counsel has meaningful notice of a substantive jury note because the court has read the precise content of the note into the record in the presence of counsel, defendant, and the jury, the court's failure to discuss the note with counsel before recalling the jury is not a mode of proceedings error. Counsel is required to object to the court's procedure to preserve any such error for appellate review" (People v Nealon, 26 NY3d 152, 161-162 [2015]). Defense counsel failed to object to the court's procedure in responding to the jury note, and we decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Wilson, 158 AD3d 1204, 1205 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; People v Dame, 144 AD3d 1625, 1625 [4th Dept 2016], lv denied 29 NY3d 948 [2017]).
Defendant also contends that the evidence is legally insufficient to support the conviction with respect to all counts. At the close of proof, defendant moved for a trial order of dismissal, and the court reserved decision. There is no indication in the record that the court ruled on defendant's motion (cf. CPL 290.10 [1]). Thus, we may not address defendant's contention because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020] [internal quotation marks omitted]; see People v Moore, 147 AD3d 1548, 1548-1549 [4th Dept 2017]; People v White, 134 AD3d 1414, 1415 [4th Dept 2015]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a ruling on defendant's motion (see Bennett, 180 AD3d at 1358; Moore, 147 AD3d at 1549; White, 134 AD3d at 1415). In light of our determination, we do not address defendant's remaining contention.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court