People v Capitano (2021 NY Slip Op 05225)





People v Capitano


2021 NY Slip Op 05225


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


767 KA 19-00886

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS CAPITANO, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 20, 2019. The judgment convicted defendant, upon a nonjury verdict, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs as a class D felony (Vehicle and Traffic Law §§ 1192 [4-a]; 1193 [1] [c] [ii-a]). Contrary to defendant's contention, we conclude that Supreme Court properly refused to suppress his statements to two police officers (see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]; People v Schumaker, 136 AD3d 1369, 1373 [4th Dept 2016], lv denied 27 NY3d 1075 [2016], reconsideration denied 28 NY3d 974 [2016]; People v Carbonaro, 134 AD3d 1543, 1546-1547 [4th Dept 2015], lv denied 27 NY3d 994 [2016], reconsideration denied 27 NY3d 1149 [2016]).
Defendant further contends that the evidence is legally insufficient to support the conviction. At the close of the People's proof, defendant moved for a trial order of dismissal, and the court reserved decision. Although defendant renewed the motion at the close of his proof, the court never ruled on the motion and, at a later appearance, rendered a guilty verdict. Thus, we may not address defendant's contention because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020] [internal quotation marks omitted]; see People v White, 134 AD3d 1414, 1415 [4th Dept 2015]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a ruling on defendant's motion (see Bennett, 180 AD3d at 1358; White, 134 AD3d at 1415). In light of our determination, we do not address defendant's remaining challenge to the verdict.
Finally, we note—as the People correctly concede—that the sentence is illegal insofar as the court directed that defendant serve a term of five years of probation, with an ignition interlock device for a period thereof, consecutive to the indeterminate term of imprisonment of 1 to 3 years on his conviction for violating Vehicle and Traffic Law § 1192 (4-a) (see Penal Law §§ 60.01 [2] [d]; 60.21; People v Giacona, 130 AD3d 1565, 1566 [4th Dept 2015]; People v Flagg, 107 AD3d 1613, 1614 [4th Dept 2013], lv denied 22 NY3d 1138 [2014]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court