People v DuBois (2021 NY Slip Op 07364)





People v Dubois


2021 NY Slip Op 07364


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


836 KA 17-01508

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUINNTON M. DUBOIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), rendered November 30, 2016. The judgment convicted defendant after a nonjury trial of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]). Defendant contends that the evidence is legally insufficient to establish that he intended to cause serious physical injury to the victim. We note at the outset that, contrary to the conclusion of the dissent, Supreme Court expressly addressed each of the specific arguments raised in defendant's motion for a trial order of dismissal, including the argument raised on appeal, and we are therefore not left in a position in which we would have to impermissibly deem the court's failure to rule on the motion as a denial thereof (cf. People v Capitano, 198 AD3d 1324, 1324-1325 [4th Dept 2021]). With respect to the merits, we reject defendant's argument. "Attempted assault in the second degree can be proven without any serious physical injury or even any physical injury; all that is required is that the defendant intended such injury and engaged in conduct directed at accomplishing that objective" (People v McCloud, 121 AD3d 1286, 1287 [3d Dept 2014], lv denied 25 NY3d 1167 [2015] [internal quotation marks omitted]; see generally People v Ford, 114 AD3d 1273, 1274 [4th Dept 2014], lv denied 23 NY3d 962 [2014]). Here, defendant's intent may be "inferred from the totality of [his] conduct," which included "repeatedly striking [the victim] while [she was] on the ground defenseless" (People v Meacham, 84 AD3d 1713, 1714 [4th Dept 2011], lv denied 17 NY3d 808 [2011]). Further, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
All concur except Curran, J., who dissents and votes to hold the case, reserve decision and remit the matter to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: I respectfully dissent and would hold the case, reserve decision, and remit the matter to Supreme Court for a ruling on defendant's motion for a trial order of dismissal because the court never expressly decided defendant's motion adversely to him. Compelling that conclusion, I note that the Court of Appeals " 'has construed CPL 470.15 (1) as a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court' " (People v Hallmark, 122 AD3d 1438, 1439 [4th Dept 2014], quoting People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see People v Coles, 105 AD3d 1360, 1363 [4th Dept 2013]). Further, I note that this Court has repeatedly held that it lacks the power to review a sufficiency contention where the court has not expressly ruled on, and denied, a defendant's motion for a trial order of dismissal (see e.g. People v Johnson, 192 AD3d 1612, 1615-1616 [4th Dept 2021]; [*2]People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020]; People v Moore, 147 AD3d 1548, 1548-1549 [4th Dept 2017]; see generally People v Spratley, 96 AD3d 1420, 1421 [4th Dept 2012]), even in the context of a nonjury trial (see e.g. People v Capitano, 198 AD3d 1324, 1324-1325 [4th Dept 2021]; People v White, 134 AD3d 1414, 1415 [4th Dept 2015]).
Here, during the nonjury trial, the court expressly reserved decision on defendant's motion for a trial order of dismissal. Although the Criminal Procedure Law requires a court to determine a motion on which it has reserved decision (see CPL 290.10 [1]; 320.20 [4]), the court here never again addressed that motion by name on the record. Rather, in rendering its verdict, the court stated merely that, "based upon the credible trial evidence, this [c]ourt finds the defendant guilty of . . . attempted assault in the second degree [because] there was legally sufficient proof that the defendant intended to cause the victim serious physical injury based upon his conduct, and [in] consideration of all the surrounding circumstances."
In reaching the merits of defendant's legal sufficiency contention, the majority tacitly concludes that the court implicitly denied defendant's motion when it rendered its guilty verdict, likely due to the court's reference to the "legally sufficient proof" supporting its finding of guilt. I respectfully disagree with this approach for two reasons. First, as noted above, the court did not determine defendant's motion as required by the Criminal Procedure Law, but instead rendered its verdict. Second, this Court's precedent in applying LaFontaine and its progeny has repeatedly rejected reliance on a court's "implicit" determinations to reach the merits of an issue and instead requires that a court must "expressly 'decide [an] issue adversely to [a] defendant' " before we may consider it on appeal (People v Gainey, 130 AD3d 1504, 1505 [4th Dept 2015] [emphasis added]; see Capitano, 198 AD3d at 1325; Spratley, 96 AD3d at 1421). In my view, that precedent does not permit us to construe the court's verdict as the required determination of defendant's motion.
I nevertheless agree with the majority that the court's verdict statement supports a fair inference that it implicitly denied defendant's motion, even though it made no express statement to that effect. The same could reasonably be said whenever a court convicts a defendant in a nonjury trial inasmuch as "[t]rial judges . . . are presumed to know the law and to apply it in making their decisions" (People v Barthel, 199 AD3d 32, 36 [4th Dept 2021], lv denied 37 NY3d 1058 [2021] [internal quotation marks omitted]), and a nonjury verdict of guilt presumptively requires the court to first conclude that there is legally sufficient evidence supporting the conviction. Indeed, but for this Court's precedent applying the LaFontaine rule to a trial court's failure to rule on motions for a trial order of dismissal in a nonjury context (see e.g. Capitano, 198 AD3d at 1324; White, 134 AD3d at 1415), I would have no objection to the majority's more practical result, which, I note, also serves the interest of judicial economy. Nonetheless, given our precedent, I respectfully disagree with the majority's parsing of the court's words to conclude that it determined the motion; such a granular focus on the words the court uttered when rendering its verdict to conclude that the motion had been decided invites only inconsistency and unpredictability.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court