People v Koeberle (2022 NY Slip Op 00532)





People v Koeberle


2022 NY Slip Op 00532


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


4 KA 18-00450

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARED KOEBERLE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 8, 2017. The judgment convicted defendant upon a jury verdict of rape in the first degree (two counts), sexual abuse in the first degree (two counts), endangering the welfare of a child, and incest in the first degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [4]), two counts of sexual abuse in the first degree (§ 130.65 [4]), two counts of incest in the first degree (§ 255.27), and one count of endangering the welfare of a child (§ 260.10 [1]).
Defendant contends that the evidence is legally insufficient to support the conviction. At the close of the People's proof, defendant moved for a trial order of dismissal, and the court reserved decision. Although defendant renewed the motion at the close of his proof and again after the jury rendered its verdict, County Court never ruled on the motion. Thus, we may not address defendant's contention because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Capitano, 198 AD3d 1324, 1325 [4th Dept 2021] [internal quotation marks omitted]; see People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on defendant's motion (see Capitano, 198 AD3d at 1325; Bennett, 180 AD3d at 1358). In light of our
determination, we do not address defendant's remaining contentions.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court