People v Roach (2023 NY Slip Op 00595)

People v Roach

2023 NY Slip Op 00595

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1002 KA 19-00797

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEON G. ROACH, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered December 3, 2018. The judgment convicted defendant upon a nonjury verdict of attempted assault in the first degree, assault in the second degree, strangulation in the second degree and attempted assault in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a bench trial of, inter alia, attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]). Defendant's contention that he was denied effective assistance of counsel is based upon matters outside the record and thus is not properly before us on his direct appeal and must be pursued by way of a motion pursuant to CPL article 440 (see People v Jackson, 153 AD3d 1605, 1606 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). Defendant also contends that the evidence is legally insufficient to support the conviction. At the close of the People's proof, defendant moved for a trial order of dismissal, and County Court reserved decision. Although defendant renewed the motion at the close of his proof, the court never ruled on the motion and, at a later appearance, rendered a guilty verdict. Thus, we may not address defendant's contention because "we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Capitano, 198 AD3d 1324, 1325 [4th Dept 2021] [internal quotation marks omitted]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on defendant's motion (see Capitano, 198 AD3d at 1325). In light of our
determination, we do not address defendant's remaining contentions.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court