People v Koeberle (2023 NY Slip Op 01605)

People v Koeberle

2023 NY Slip Op 01605

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, AND MONTOUR, JJ.

90 KA 18-00450

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARED KOEBERLE, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 8, 2017. The appeal was held by this Court by order entered January 28, 2022, decision was reserved and the matter was remitted to Ontario County Court for further proceedings (201 AD3d 1298 [4th Dept 2022]). The proceedings were held and completed. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of two counts of incest in the first degree is unanimously dismissed and the judgment is modified on the law by directing that the periods of postrelease supervision imposed shall run concurrently and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [4]), two counts of sexual abuse in the first degree
(§ 130.65 [4]), two counts of incest in the first degree (§ 255.27), and one count of endangering the welfare of a child (§ 260.10 [1]). We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had reserved decision but failed to rule (People v Koeberle, 201 AD3d 1298 [4th Dept 2022]). On remittal, the court denied the motion.
Initially, we reject defendant's contention that the court erred in permitting expert testimony on child sexual abuse accommodation syndrome. Such testimony has long been admissible "for the purpose of explaining behavior that might be puzzling to a jury" (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; see People v Nicholson, 26 NY3d 813, 828 [2016]). The expert's testimony "educates the jury on a scientifically-recognized 'pattern of secrecy, helplessness, entrapment [and] accommodation' " experienced by child victims (Nicholson, 26 NY3d at 828). Contrary to defendant's contention, we conclude that the expert's testimony, "grounded in [her] professional knowledge and training, provided relevant information outside the ken of the jurors and was properly admitted" (id. at 829; see People v Young, 206 AD3d 1631, 1632 [4th Dept 2022]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of rape in the first degree under count 1 of the indictment and incest in the first degree under count 8 of the indictment (see People v Bleakley, 69 NY2d 490, 495 [1987]) because there is "a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Pereau, 45 AD3d 978, 981 [3d Dept 2007], lv denied 9 NY3d 1037 [2008]). We further conclude that the verdict, viewed in light of the elements of all of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The sentences imposed on the conviction of rape in the first degree, endangering the welfare of a child, and sexual abuse in the first degree are not unduly harsh or severe. In light of defendant's resentencing on the conviction of both counts of incest in the first degree, we do not consider his challenge to the severity of the original sentences imposed on those counts, and we dismiss the appeal from the judgment to that extent (see People v Richardson, 128 AD3d 1377, 1379 [4th Dept 2015], lv denied 25 NY3d 1206 [2015]). Finally, although not raised by defendant, we conclude that the court erred in imposing consecutive periods of postrelease supervision. Penal Law
§ 70.45 (5) (c) requires that when a person is subject to two or more periods of postrelease supervision, those periods merge with and are satisfied by the service of the period having the longest unexpired time to run (see People v Kennedy, 78 AD3d 1477, 1479 [4th Dept 2010], lv denied 16 NY3d 798 [2011]). Because we cannot allow an illegal sentence to stand (see People v Davis, 37 AD3d 1179, 1180 [4th Dept 2007], lv denied 8 NY3d 983 [2007]), we modify the judgment accordingly.
Defendant's remaining contentions are not preserved for our review (see People v Williams, 199 AD3d 1480, 1481 [4th Dept 2021], lv denied 38 NY3d 931 [2022]; People v Motzer, 107 AD3d 1450, 1451 [4th Dept 2013], lv denied 21 NY3d 1075 [2013]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court