People v Watkins (2020 NY Slip Op 00736)





People v Watkins


2020 NY Slip Op 00736


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


652 KA 18-01272

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH R. WATKINS, II, DEFENDANT-APPELLANT. 






STEVEN A. FELDMAN, UNIONDALE, FOR DEFENDANT-APPELLANT.
JOSEPH R. WATKINS, II, DEFENDANT-APPELLANT PRO SE. 


 Appeal from a judgment of the Steuben County Court (William F. Kocher, A.J.), rendered December 15, 2017. The judgment convicted defendant upon a jury verdict of rape in the first degree, criminal sexual act in the first degree, and incest in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), criminal sexual act in the first degree (§ 130.50 [1]), and incest in the third degree (§ 255.25). Defendant failed to preserve for our review the contention in his main brief that the conviction is not supported by legally sufficient evidence inasmuch as his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal and, in any event, he failed to renew his motion after presenting evidence (see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in the main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends in his pro se supplemental brief that County Court erred in failing to grant that part of his omnibus motion seeking suppression of an intercepted telephone call pursuant to CPL 700.70. There is no indication in the record, however, that the court ruled on that part of the motion. The Court of Appeals "has construed CPL 470.15 (1) as a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999] [emphasis added]; see People v Concepcion, 17 NY3d 192, 197-198 [2011]), and thus the court's failure to rule on the motion insofar as it sought suppression of the intercepted telephone call cannot be deemed a denial thereof. We therefore hold the case, reserve decision and remit the matter to County Court for a ruling on that part of defendant's motion (see generally People v Morris, 176 AD3d 1635, 1636 [4th Dept 2019]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court