People v Baek (2021 NY Slip Op 04424)





People v Baek


2021 NY Slip Op 04424


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


100 KA 20-00073

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD BAEK, DEFENDANT-APPELLANT. 






EMILY E. STOUFER-QUINN, NUNDA, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered October 17, 2019. The judgment convicted defendant upon a jury verdict of rape in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Allegany County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him following a jury trial of rape in the third degree (Penal Law § 130.25 [3]), defendant contends, inter alia, that the indictment, as amplified by the bill of particulars, is facially duplicitous and, further, that the indictment was rendered duplicitous by the testimony at trial. Inasmuch as defendant did not object to the trial testimony in question that rendered the indictment duplicitous, his latter contention is not preserved for our review (see People v Allen, 24 NY3d 441, 448-449 [2014]). Although defendant did preserve his contention concerning facial duplicity by seeking dismissal of the indictment on that ground in the pretrial omnibus motion (see People v Kalabakas, 183 AD3d 1133, 1135 [3d Dept 2020], lv denied 35 NY3d 1067 [2020]; cf. People v Box, 145 AD3d 1510, 1512-1513 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]), we are unable to address that contention because County Court failed to rule on that part of defendant's omnibus motion (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 197-198 [2011]).
The Court of Appeals "has construed CPL 470.15 (1) as a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999] [emphasis added]; see People v Watkins, 179 AD3d 1467, 1468 [4th Dept 2020]), "and thus the court's failure to rule on the motion cannot be deemed a denial thereof" (Watkins, 179 AD3d at 1468; see People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020]). We therefore hold the case, reserve decision and remit the matter to County Court for a ruling on that part of defendant's omnibus motion.
Defendant's contention that his conviction is not supported by legally sufficient evidence is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; see also People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court