People v Watkins (2021 NY Slip Op 05415)





People v Watkins


2021 NY Slip Op 05415


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


647 KA 18-01272

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH R. WATKINS, II, DEFENDANT-APPELLANT. 






STEVEN A. FELDMAN, UNIONDALE, FOR DEFENDANT-APPELLANT. 
JOSEPH R. WATKINS, II, DEFENDANT-APPELLANT PRO SE.


 Appeal from a judgment of the Steuben County Court (William F. Kocher, A.J.), rendered December 15, 2017. The appeal was held by this Court by order entered January 31, 2020, decision was reserved and the matter was remitted to Steuben County Court for further proceedings (179 AD3d 1467 [4th Dept 2020]). The proceedings were held and completed (Chauncey J. Watches, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), criminal sexual act in the first degree (§ 130.50 [1]), and incest in the third degree (§ 255.25). We previously held the case, reserved decision, and remitted the matter to County Court for a ruling on that part of defendant's omnibus motion seeking to suppress an intercepted telephone call pursuant to CPL 700.70 (People v Watkins, 179 AD3d 1467, 1467-1468 [4th Dept 2020]). Upon remittal, the court (Watches, J.) denied that part of defendant's motion. We affirm.
In this case, the victim made a controlled telephone call that was recorded by the police. Defendant contends in his pro se supplemental brief that the recording of the controlled call must be suppressed because the People allegedly failed to comply with CPL 700.70. We reject that contention. The statute, in pertinent part, requires the People, within 15 days after arraignment, to "furnish the defendant with a copy of the eavesdropping warrant, and accompanying application" in order to introduce the "contents of any intercepted communication" into evidence at a criminal trial (id.). Because the victim was a party to the recorded conversation and consented to the recording, the recording was not an "intercepted communication" within the meaning of CPL 700.70 (CPL 700.05 [3]; see People v Goldfeld, 60 AD2d 1, 9 [4th Dept 1977], lv denied 43 NY2d 928 [1978]). Thus, no eavesdropping warrant was required, and the disclosure requirement set forth in CPL 700.70 does not apply here (see People v Ross, 118 AD3d 1321, 1323 [4th Dept 2014], lv denied 23 NY3d 1067 [2014], reconsideration denied 24 NY3d 1122 [2015]; Goldfeld, 60 AD2d at 9).
In his main brief, defendant contends that he was deprived of his constitutional right to present a defense. By failing to raise that contention in the trial court, defendant failed to preserve it for our review (see People v Brown, 4 AD3d 886, 889 [4th Dept 2004], lv denied 3 NY3d 637 [2004]; People v Triplett, 305 AD2d 230, 231 [1st Dept 2003]). Also unpreserved are defendant's contentions in his main brief that certain text messages admitted in evidence at trial improperly bolstered the testimony of the victim (see People v Pendarvis, 143 AD3d 1275, 1276 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Brown, 140 AD3d 1740, 1741 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]) and that, in sentencing him, the court (Kocher, A.J.) penalized him for exercising his right to a jury trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Trinidad, 107 AD3d 1432, 1432 [4th Dept 2013], lv denied 21 NY3d 1046 [2013]). We decline to exercise our power to review those contentions as a matter of discretion [*2]in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's contention in his main brief, we conclude that the sentence is neither unduly harsh nor severe. Finally, we have reviewed the remaining contentions in defendant's main and pro se supplemental briefs, and we conclude that none warrants reversal or modification of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court