People v Baek (2022 NY Slip Op 04263)

People v Baek

2022 NY Slip Op 04263

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND WINSLOW, JJ.

573 KA 20-00073

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD BAEK, DEFENDANT-APPELLANT. 

EMILY E. STOUFER-QUINN, NUNDA, FOR DEFENDANT-APPELLANT.

 Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered October 17, 2019. The appeal was held by this Court by order entered July 16, 2021, decision was reserved and the matter was remitted to Allegany County Court for further proceedings (196 AD3d 1112 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed with leave to the People to re-present the charge to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the third degree (Penal Law
§ 130.25 [3]). Although we addressed the merits of most of defendant's contentions on a prior appeal, we held the case, reserved decision and remitted the matter to County Court for a ruling on that part of defendant's omnibus motion seeking dismissal of the indictment on the ground that "the indictment, as amplified by the bill of particulars, [was] facially duplicitous" (People v Baek, 196 AD3d 1112, 1112 [4th Dept 2021]).
We agree with defendant that the court, on remittal, erred in refusing to dismiss the indictment. Because the sole count of the indictment charged only one offense, as required by CPL 200.30 (1) (see People v Bauman, 12 NY3d 152, 154 [2009]), the indictment on its face was not duplicitous. It is well settled, however, that indictments charging one offense per count can be rendered duplicitous by, among other things, a bill of particulars alleging more than one offense per count (see People v Beauchamp, 74 NY2d 639, 640-641 [1989]; People v Algarin, 166 AD2d 287, 287-288 [1st Dept 1990]). Here, the bill of particulars alleged that defendant engaged in two separate and distinct acts of nonconsensual sexual intercourse with the victim. The second such act allegedly occurred more than three hours after the first act. Thus, while the indictment charged only one criminal act, the jury heard evidence at trial of two criminal acts, with no specification from the court or the prosecutor as to which act they were to consider when rendering a verdict.
Even if the trial evidence narrowed the scope of defendant's allegedly illegal conduct, and here it did not, that "is irrelevant. Defendant was entitled to pretrial notice of the charges so that he would be able to adequately prepare a defense" (Beauchamp, 74 NY2d at 641 [emphasis omitted]; see generally People v Keindl, 68 NY2d 410, 417 [1986], rearg denied 69 NY2d 823 [1987]).
We thus reverse the judgment and dismiss the indictment with leave to the People to re-present the charge to another grand jury.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court