People v Anderson (2022 NY Slip Op 06575)

People v Anderson

2022 NY Slip Op 06575

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

621 KA 18-00847

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GAELEN S. ANDERSON, DEFENDANT-APPELLANT. 

KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 13, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant correctly contends that his waiver of the right to appeal is invalid. Even assuming, arguendo, that the initial misstatements of Supreme Court regarding the sentence did not invalidate defendant's appeal waiver (see People v Carpenter, 176 AD2d 890, 891 [2d Dept 1991]), we conclude that the waiver is nevertheless invalid because "the rights encompassed by [the] appeal waiver were mischaracterized during the oral colloquy and in [the] written form[] executed by defendant[], which indicated the waiver was an absolute bar to direct appeal, failed to signal that any issues survived the waiver and . . . advised that the waiver encompassed 'collateral relief on certain nonwaivable issues in both state and federal courts' " (People v Bisono, 36 NY3d 1013, 1017-1018 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Fontanez-Baez, 195 AD3d 1448, 1449 [4th Dept 2021], lv denied 37 NY3d 971 [2021]).
Defendant further contends that his plea was not knowingly, voluntarily or intelligently entered due to the court's misstatements regarding sentencing. That contention, however, is unpreserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), and the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply.
Defendant contends that the court erred in denying that part of his omnibus motion seeking to preclude identification testimony based on an error in the CPL 710.30 notice. We conclude, however, that, "[b]y pleading guilty, defendant forfeited his right to appellate review of his contention regarding the People's alleged failure to comply with the notice requirements of CPL 710.30" (People v La Bar, 16 AD3d 1084, 1084 [4th Dept 2005], lv denied 5 NY3d 764 [2005]; see People v Taylor, 65 NY2d 1, 6-7 [1985]; People v Rodgers, 162 AD3d 1500, 1501 [4th Dept 2018], lv denied 32 NY3d 940 [2018]).
Defendant further contends that the court should have suppressed identification evidence and physical evidence. In his omnibus motion, defendant contended, as relevant here, that he "was not engaged in any conduct creating a reasonable suspicion that he had committed a crime or was armed or dangerous" and that "[n]o other circumstances existed to create probable cause or reasonable suspicion." At the suppression hearing, the People presented evidence that on the night in question, a police officer was flagged down by an unnamed citizen, who stated that shots [*2]had been fired in that area. During that conversation, the officer himself heard a gunshot. He went immediately to the location and observed several people hiding or running into a nearby store. One man took flight, grabbing his waistband with both hands. According to the officer, such a gesture was indicative of a person "holding a very heavy object or a handgun." That individual was the only person not attempting to hide or seek cover. At that point, the officer began his pursuit, but lost sight of the individual. The officer broadcast a description of the suspect, including specifics of his clothing, over the radio, at which point other officers in the area observed a man fitting that description and pursued him, eventually arresting him at a residence and bringing him to the location of the shooting, where he was identified by two eyewitnesses as the person who had fired the shots. Surveillance video from the store and body camera footage from the officers involved confirms the sequence of events. Following the hearing, the court ruled, inter alia, that there was "more than adequate probable cause." However, the court did not explain when probable cause existed or rule on whether the officer who initially observed the suspect had reasonable suspicion to pursue him.
On appeal, defendant contends that the police lacked reasonable suspicion for the initial pursuit of the suspect and that, given the fact that the initial officer lost sight of the suspect, the police lacked probable cause to arrest defendant at the residence.
It is well settled that this Court lacks the power to review issues that were either decided in an appellant's favor, or were not ruled upon, by the trial court (see People v Concepcion, 17 NY3d 192, 195 [2011]). Inasmuch as the court did not rule on the threshold issue whether the police had the requisite reasonable suspicion to justify the initial pursuit, we cannot rule on that issue in the first instance and we therefore hold the case, reserve decision, and remit the matter to Supreme Court to rule on that issue based on the evidence presented at the suppression hearing (see People v Rainey, 110 AD3d 1464, 1466 [4th Dept 2013]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court