People v Durie (2023 NY Slip Op 02437)

People v Durie

2023 NY Slip Op 02437

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

364 KA 21-01053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PETER S. DURIE, DEFENDANT-APPELLANT. 

NICHOLAS B. ROBINSON, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered May 14, 2021. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We agree with defendant that his "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Johnson, 195 AD3d 1422, 1423 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Mazaika, 191 AD3d 1419, 1419 [4th Dept 2021]). First, contrary to the People's assertion and defendant's incorrect concession (see generally People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Morrison, 179 AD3d 1454, 1455 [4th Dept 2020], lv denied 35 NY3d 972 [2020]), Supreme Court employed " 'misleading' language[ that] confus[ed] the discrete concepts of the forfeiture of a right by operation of law and . . . intentional relinquishment of a right by a voluntary waiver" (Thomas, 34 NY3d at 562; see People v Lopez, 6 NY3d 248, 256-257 [2006]). Inasmuch as the court "conflated the right to appeal with those rights automatically forfeited by the guilty plea" (People v Garcia, 203 AD3d 1585, 1585 [4th Dept 2022], lv denied 38 NY3d 1133 [2022] [internal quotation marks omitted]), the record does not establish that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Lopez, 6 NY3d at 256; see Garcia, 203 AD3d at 1586). In addition, although the court employed a "few correctly spoken terms" (Thomas, 34 NY3d at 566), it nevertheless incorrectly "suggest[ed] that the waiver may be an absolute bar to the taking of an appeal" (id. at 564; see Youngs, 183 AD3d at 1228-1229). "Although ambiguities in a court's explanation may be cured by adequate clarifying language, which may be provided either in a written waiver or in the oral colloquy[,]" we conclude that "such language is absent from the record in the appeal[] before us" (People v Parker, 189 AD3d 2065, 2066 [4th Dept 2020], lv denied 36 NY3d 1122 [2021]). In this case, " '[g]reater precision in the court['s] oral colloqu[y]'—such as that found in the Model Colloquy for the waiver of the right to appeal, which 'neatly synthesizes . . . the governing principles and provides a solid reference for a better practice'—was required to ensure that defendant's waiver[ was] knowing, voluntary, and intelligent" (id., quoting Thomas, 34 NY3d at 567).
Defendant further contends that his sentence is unduly harsh and severe. Preliminarily, we are "compelled to emphasize once again that, '[c]ontrary to the People's contention, and as we have previously noted, it is well settled that this Court's sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court . . . , and [*2]that we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; see People v Spencer, 197 AD3d 1004, 1004 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]). Nevertheless, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court