People v Anderson (2023 NY Slip Op 03627)

People v Anderson

2023 NY Slip Op 03627

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND MONTOUR, JJ.

463 KA 18-00847

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GAELEN S. ANDERSON, DEFENDANT-APPELLANT. 

KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 13, 2018. The appeal was held by this Court by order entered November 18, 2022, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (210 AD3d 1464 [4th Dept 2022]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to issue a ruling "on the threshold issue whether the police had the requisite reasonable suspicion to justify the initial pursuit" of defendant (People v Anderson, 210 AD3d 1464, 1466 [4th Dept 2022]). Upon remittal, the court ruled that there was reasonable suspicion for the initial pursuit. We now affirm.
"[I]t is well settled that the police may pursue a fleeing defendant if they have a reasonable suspicion that defendant has committed or is about to commit a crime . . . While flight alone is insufficient to justify pursuit, defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (People v Rainey, 110 AD3d 1464, 1465 [4th Dept 2013] [internal quotation marks omitted]; see People v Sierra, 83 NY2d 928, 929 [1994]; People v Walker, 149 AD3d 1537, 1538 [4th Dept 2017], lv denied 30 NY3d 954 [2017]). "In determining whether a pursuit was justified by reasonable suspicion, the emphasis should not be narrowly focused on . . . any . . . single factor, but [rather] on an evaluation of the totality of circumstances, which takes into account the realities of everyday life unfolding before a trained officer" (People v Bachiller, 93 AD3d 1196, 1197 [4th Dept 2012], lv dismissed 19 NY3d 861 [2012] [internal quotation marks omitted]; see Walker, 149 AD3d at 1537).
Here, the People presented evidence at the suppression hearing that, after being flagged down by a citizen who alleged that someone had just fired shots at a nearby location, a police officer heard gunshots being fired in that location. He immediately went there and observed every single person in the area seeking cover except defendant, who was upright and fleeing the scene while holding his waistband with both hands. The officer had been trained that the use of such a gesture is indicative of a person holding a "very heavy object" or a gun in the pants.
"[T]ak[ing] into account the realities of everyday life unfolding before [the] trained officer" and all of the "other specific circumstances" (Bachiller, 93 AD3d at 1197 [internal quotation marks omitted]; see Sierra, 83 NY2d at 929; Walker, 149 AD3d at 1538), we conclude that the officer's initial pursuit was justified by reasonable suspicion, and we thus reject [*2]defendant's contention that the court erred in refusing to suppress identification evidence and physical evidence (see People v Habeeb, 177 AD3d 1271, 1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; Matter of Ya-Sin S., 122 AD3d 751, 752-753 [2d Dept 2014]; see generally People v Moore, 6 NY3d 496, 500-501 [2006]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court