People v Williams (2024 NY Slip Op 03275)

People v Williams

2024 NY Slip Op 03275

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

311 KA 21-01024

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEROY WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered June 28, 2021. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]).
Initially, we agree with defendant that his "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant understood the nature of the appellate rights being waived" (People v Zabko, 206 AD3d 1642, 1642 [4th Dept 2022] [internal quotation marks omitted]). The oral colloquy improperly characterized the waiver as an absolute bar "to all postconviction relief separate from the direct appeal" (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). "Although ambiguities in a court's explanation may be cured by adequate clarifying language, which may be provided . . . in a written waiver" (People v Durie, 216 AD3d 1449, 1450 [4th Dept 2023] [internal quotation marks omitted]), here, Supreme Court "failed to confirm that [defendant] understood the contents of the written waiver[ ]" (People v Parker, 189 AD3d 2065, 2066 [4th Dept 2020], lv denied 36 NY3d 1122 [2021] [internal quotation marks omitted]).
Defendant contends that the court erred in denying that part of his omnibus motion seeking to dismiss the indictment pursuant to CPL 30.30. In particular, defendant contends that the COVID-19 Executive Orders purporting to extend the toll of CPL 30.30 beyond May 8, 2020, were unconstitutional because their complete suspension of CPL 30.30 did not provide for the "minimum deviation from the requirements of the statute" required by Executive Law § 29-a (2) (e) and because compliance with CPL 30.30 after that date would not "prevent, hinder, or delay action necessary to cope with the disaster" as required by Executive Law § 29-a (1). At the very latest, defendant contends, the orders became unconstitutional after July 13, 2020, when grand juries were reconvened in Monroe County. Defendant further contends that Executive Order (A. Cuomo) No. 202.28 (9 NYCRR 8.202.28), which modified the prior suspension of CPL 180.80 by requiring the People to show good cause why they could not empanel a grand jury, necessarily impacted CPL 30.30, although it did not expressly modify that statute.
Contrary to the People's assertion, we conclude that defendant did not waive his contention by failing to obtain a ruling on the specific grounds he raised. "[A] party who without success has either expressly or impliedly sought or requested a particular ruling . . . is deemed to [*2]have thereby protested the court's ultimate disposition of the matter or failure to rule . . . accordingly sufficiently to raise a question of law with respect to such disposition or failure" (CPL 470.05 [2]). Further, defendant did not plead guilty until he had received a ruling from the court on his speedy trial claim (see generally People v Hardy, 173 AD3d 1649, 1649-1650 [4th Dept 2019], lv denied 34 NY3d 932 [2019]).
Nevertheless, we may not reach defendant's contention. Although the court denied defendant's speedy trial claim, it did not rule on the constitutional issues raised by defendant, and this court has no power to review issues not ruled on by the trial court (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v Coles, 105 AD3d 1360, 1363 [4th Dept 2013]). We therefore hold the case and remit the matter to Supreme Court to rule on that part of defendant's omnibus motion seeking dismissal of the indictment pursuant to CPL 30.30 based on defendant's contention that the executive orders tolling that statute were unconstitutional (see People v Baek, 196 AD3d 1112, 1112-1113 [4th Dept 2021]; People v Johnston, 103 AD3d 1202, 1203-1204 [4th Dept 2013], lv denied 21 NY3d 912 [2013]; see generally People v Anderson, 210 AD3d 1464, 1466 [4th Dept 2022]).
Defendant further contends that Penal Law § 265.03 (3) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge to the statute during the proceedings before the trial court, and therefore any such contention is unpreserved for our review (see People v Cabrera, 41 NY3d 35, 42-43 [2023]; People v Garcia, 41 NY3d 62, 66 [2023]; People v David, 41 NY3d 90, 95-96 [2023]; People v Fruster, 225 AD3d 1275, 1275 [4th Dept 2024]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court